**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JAMES A. BRENSON, JR.,**

**Petitioner,**

**v.**

**Case No. 2:24-cv-4201**
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Kimberly A. Jolson**

**WARDEN, RICHLAND CORRECTIONAL INSTITUTION,**

**Respondent.**

**<u>ORDER</u>**

On January 12, 2026, the Magistrate Judge issued an Order and Report and Recommendation recommending that *pro se* Petitioner James A. Brenson, Jr.'s petition for a writ of habeas corpus under 28 U.S.C. § 2254 be denied, and this action be dismissed with prejudice. (ECF No. 21.) In the same Order and Report and Recommendation, the Magistrate Judge denied Petitioner's Motion for Evidentiary Hearing for Breach of Contract (ECF No. 18). (*Id.*)

Petition filed a document titled "Objection" on January 30, 2026 (ECF No. 22), but the substance of that filing was a request for an extension of time to file an objection. (*See also* Motion for Extension of Time to Respond to R&R, ECF No. 23 (the same document).) The Magistrate Judge granted in part Petitioner's request for an extension of time to file an objection, giving Petitioner until July 6, 2026, to do so. (ECF No. 24.)

Despite this procedural history, as well as being advised of his right to object in the Magistrate Judge's Order and Report and Recommendation and of the consequences of failing to do so (ECF No. 21, PageID 4565), no objection has been filed by Petitioner. Failure to object results in a waiver of the right to have the District Judge review the Report and Recommendation

de novo and operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. (*Id.*); *see Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The Order and Report and Recommendation is **ADOPTED and AFFIRMED**. (ECF No. 21.) The Petition is **DENIED** and this action is **DISMISSED with prejudice**. Petitioner has waived the right to appeal by failing to file objections. *See Thomas*, 474 U.S. 140; *Walters*, 638 F.2d 947. Nor has the Petitioner stated a "valid claim of the denial of a constitutional right" or presented an issue that is "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). The Court therefore **DECLINES** to issue a certificate of appealability. As for any application by Petitioner to proceed on appeal *in forma pauperis*, the Court certifies under 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith," and therefore **DENIES** Petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

The Clerk is **DIRECTED** to **ENTER JUDGMENT** and **CLOSE** the case.

**IT IS SO ORDERED**.

**8/4/2026**
**DATE**

**s/Edmund A. Sargus, Jr.**
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**